**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUN 02 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

CHRISTINE D. HAUCK,

Plaintiff - Appellant,

v.

PHILLIP D. WALKER, individually and in his capacity as a Clark County Deputy Sheriff; et al.,

Defendants - Appellees.

No. 14-35299

D.C. No. 3:13-cv-05729-BHS

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
Benjamin H. Settle, District Judge, Presiding

Submitted May 24, 2016[**]

Before: REINHARDT, W. FLETCHER, and OWENS, Circuit Judges.

Christine D. Hauck appeals pro se from the district court's summary

judgment in her 42 U.S.C. § 1983 action alleging federal and state law violations in

connection with her arrest. We have jurisdiction under 28 U.S.C. § 1291. We

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

review de novo. *Case v. Kitsap Cty. Sheriff's Dep't*, 249 F.3d 921, 925 (9th Cir. 2001). We affirm in part, reverse in part, and remand.

The district court properly granted summary judgment on Hauck's wrongful arrest claim on the ground that defendants were entitled to qualified immunity because at the time of the arrest it would not have been clear to every reasonable officer that an arrest pursuant to an out-of-state warrant violated plaintiff's constitutional rights. *See Ashcroft v. al-Kidd*, 563 U.S. 731, 735, 741 (2011) (explaining two-part test for qualified immunity); *see also Case*, 249 F.3d at 926-30 (Washington law enforcement officers were entitled to qualified immunity because a reasonable officer could have believed that it was legal to arrest plaintiff pursuant to an Oregon warrant).

However, the district court erred in granting summary judgment on Hauck's Fourth Amendment excessive force claim because Hauck provided evidence that Walker slammed her head into the ground using the full weight of his body when she turned toward him while being escorted to the patrol car and that she was not attempting to spit on him. Accordingly, Hauck raised a genuine dispute of material fact as to whether Walker's actions were objectively unreasonable. *See* Fed. R. Civ. P. 56(a) (summary judgment requires the moving party to show that there is no genuine dispute as to any material fact); *Jackson v. City of Bremerton*, 268 F.3d

14-35299

646, 651-52 (9th Cir. 2001) (framework for analyzing an excessive force claim under the Fourth Amendment).  Accordingly, we reverse and remand for further proceedings on this claim.

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal.  *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

All pending motions and requests are denied.

The parties shall bear their own costs on appeal.

**AFFIRMED in part; REVERSED in part; and REMANDED.**